# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Torrez, et al., | No. CV 09-2298-PHX-MHM (MHB) |
| Plaintiffs, | **ORDER** |
| vs. | |
| Corrections Corporation of America, et al., | |
| Defendants. | |

Plaintiffs David Torrez, Raymond V. Gutierrez, Anthony V. Ibarra, Ernesto Perez-Duran, and David Martinez, who are confined in the La Palma Corrections Center (LPCC), a Corrections Corporation of America (CCA) facility in Eloy, Arizona, have filed a *pro se* Civil Rights Complaint by a Prisoner under 28 U.S.C. § 1983. (Doc.# 1.) Plaintiffs purport to bring this case as a class action on behalf of "Catholic Inmate Residents." (Doc.# 1.) Torrez has filed the first page of the court-approved form Application to Proceed *In Forma Pauperis* and a motion for appointment of person to serve process. (Doc.# 3, 4.) This action will be severed into separate cases brought by each individual Plaintiff.

**I.  Class Action Status**

Plaintiffs purport to bring this case as a class action. Plaintiffs have not shown that the four prerequisites to a class action under Rule 23(a), Fed.R.Civ.P., *i.e.*, numerosity, typicality, commonality, and adequacy of representation, are met in this case. Moreover, although each Plaintiff may appear on his own behalf, he may not appear as an attorney for other persons in a class action. McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer had no authority to appear as an attorney for other persons in a purported class

action); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit an inmate proceeding pro se to represent fellow inmates in a class action). "This rule is an outgrowth not only of the belief that a layman, untutored in the law, cannot 'adequately represent' the interests of the members of the 'class,' but also out of the long-standing general prohibition against even attorneys acting as both class representative and counsel for the class." Huddleston v. Duckworth, 97 F.R.D. 512, 514 (N.D. Ind. 1983). Accordingly, certification of this case as a class action is inappropriate.

**II.     Severance of Action into Separate Cases**

Generally, plaintiffs may join in one action if they assert any right to relief arising out of the same occurrence or series of occurrences and if any question of law or fact in common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20. However, Rule 21 of the Federal Rules of Civil Procedure authorizes the Court to drop parties and to sever claims on just terms. See Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980) (even if the specific requirements of Rule 20 may be satisfied, a trial court must examine other relevant factors to determine if joinder of a party will comport with principles of fundamental fairness).

Even if Plaintiffs in this action are properly joined, the Court has found that management of *pro se* multi-plaintiff inmate litigation presents significant burdens to both the parties and the Court. Plaintiffs are inmates proceeding *pro se*, and, although each Plaintiff may appear on his own behalf, none may appear as an attorney for the others. Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997). Therefore, during the prosecution of this action, each Plaintiff would be required to sign and submit his own motions and notices related to his claims in the action, and all Plaintiffs would be required to individually sign any motion or notice filed on behalf of all Plaintiffs. However, because of security concerns related to inmate correspondence and face-to-face communications, Plaintiffs would have at best only a very limited opportunity to discuss case strategy, share discovery, or even provide each other copies of the motions and notices they file with the

Court. Thus, continued administration of the lawsuit by the inmates is limited, if not virtually impossible, due to the regulation of inmate-to-inmate correspondence. Moreover, inmates are subject to transfer at any time to a facility other than the one where they are currently incarcerated.

With these concerns in mind, the Court concludes that unitary adjudication of Plaintiffs' claims would result in unfairness to Plaintiffs and Defendants and to the Court's goals of achieving judicial economy and maintaining efficient control of the Court's docket. Allowing each Plaintiff to proceed separately, however, would overcome the unfairness created by these circumstances. Therefore, the Court will sever this action into individual cases and a new case number will be assigned each individual Plaintiff.

A copy of the Complaint and other documents in this case and this Order will be placed in each new case. The individual Plaintiffs must proceed independently from this point on and will not be regarded as co-plaintiffs, except upon further order of the Court. All further pleadings, motions or other papers submitted for filing by an individual Plaintiff in his separate case must be signed by the individual Plaintiff, or they will be stricken.

**IT IS ORDERED**:

(1) This case is **severed** into individual actions, one for each Plaintiff. The Clerk of Court **must assign** a new case number to each new individual action.

(2) The Clerk of Court must file a copy of the present Complaint, and this Order in each new case.

(3) The Clerk of Court must file Plaintiff Torrez's Application to Proceed *In Forma Pauperis* and Torrez's motion for appointment of person to serve process in Plaintiff Torrez's newly assigned case.

(4) The individual Plaintiffs must proceed independently from this point and will not be regarded as co-plaintiffs, except upon further order of the Court. All further pleadings, motions or other papers submitted for filing by an individual Plaintiff in his separate case must be signed by the individual Plaintiff, or they will be stricken.

(5) This action is **dismissed without prejudice**; the Clerk of Court must close the case and enter judgment.

DATED this 15th day of January, 2010.

Mary H. Murguia
United States District Judge

- 4 -